## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

MICHAEL K. HOLDEN, #1003383,

        Petitioner,

v.                                    ACTION NO.   2:18cv33

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

      This matter is before the Court on Michael K. Holden's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.      STATEMENT OF THE CASE

      Petitioner Michael K. Holden ("Holden") is in state custody in Virginia pursuant to a probation revocation in the Circuit Court of Southampton County ("circuit court"). On July 19, 2012, the circuit court revoked Holden's probation after finding that he had violated its terms and

conditions. *Commonwealth v. Holden*, No. CR86B00097-00, CR86B00099-00, CR91B00354-00 (Va. Cir. July 19, 2012), ECF No. 17-1. The circuit court revoked ten years on both of Holden's previously suspended sentences for grand larceny and re-suspended seven years on each count. *Id.* at 9. The circuit court further revoked two years of Holden's previously suspended sentence for escape and re-suspended two years. *Id.*

On December 4, 2012, Holden appealed this decision to the Court of Appeals of Virginia, arguing that, while the circuit court had the authority to revoke his suspended sentences, the circuit court nonetheless abused its discretion in revoking his probation and sentencing him to six years in jail. *Holden v. Commonwealth*, No. 1442-12-1 (Va. Ct. App. Dec. 4, 2012). On March 20, 2013, the court of appeals denied the petition for appeal, finding Holden's claims to be "wholly frivolous." *Holden v. Commonwealth*, No. 1442-12-1 (Va. Ct. App. Mar. 20, 2013). Holden did not appeal the decision to the Supreme Court of Virginia.

On April 18, 2013, Holden filed his first petition for a writ of habeas corpus in the circuit court. *Holden v. Dir., Dep't of Corr.*, No. CL13-332 (Va. Cir. Ct. Aug. 30, 2013). On August 30, 2013, the circuit court dismissed Holden's petition finding that two claims did not lie in habeas corpus and were barred by the statute of limitations, and that all claims failed on the merits. *Id.*

On August 13, 2013, before the ruling on his first habeas petition, Holden filed a second petition for a writ of habeas corpus in the circuit court, which was dismissed as successive on October 1, 2013. *Holden v. Dir., Dep't of Corr.*, No. CL13-611 (Va. Cir. Ct. Oct. 1, 2013).

On December 16, 2013, Holden filed a petition for appeal in the Supreme Court of Virginia. *Holden v. Dir., Dep't of Corr.*, No. 131984 (Va. Dec. 16, 2013). On July 11, 2014, the Supreme Court of Virginia dismissed the appeal.[1] *Holden v. Dir., Dep't of Corr.*, No. 131984 (Va. July

---

[1] The order issued by the Supreme Court of Virginia appears to address both habeas petitions (Nos.

11, 2014).   On November 6, 2014, the Supreme Court of Virginia denied Holden's petition for a rehearing.   *Holden v. Dir., Dep't of Corr.*, No. 131984 (Va. Nov. 6, 2014).

On November 18, 2014, Holden executed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he filed in this Court on December 3, 2014.   *Holden v. Clarke*, No. 2:14cv616 (E.D. Va. Dec. 3, 2014), ECF No. 1.   The petition was dismissed with prejudice on February 18, 2016.   *Id.*, ECF No. 22.   The Fourth Circuit denied Holden a certificate of appealability and dismissed his appeal of this Court's decision on October 4, 2016.   *Holden v. Clarke*, No. 16-6403 (4th Cir. Oct. 4, 2016); *Holden*, No. 2:14cv616, ECF Nos. 37, 38.

On August 29, 2016, Holden filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.   *Holden v. Clarke*, No. 161269 (Va. Aug. 29, 2016).   The Supreme Court of Virginia dismissed the petition as untimely on November 17, 2016, and denied Holden's petition for rehearing on February 2, 2017.   *Holden v. Clarke*, No. 161269 (Va. Aug. 29, 2016 and Feb. 2, 2017).

Holden then filed a motion to vacate judgment in the Circuit Court of Southampton County on January 3, 2017, which was denied the same day.   *Holden v. Clarke*, No. CL 17-5 (Va. Cir. Ct. Jan. 3, 2017).   The Supreme Court of Virginia refused Holden's petition for appeal on October 5, 2017.   *Holden v. Clarke*, No. 170374 (Va. Oct. 5, 2017).

On January 18, 2018, Holden filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   ECF No. 1.   Holden asserts he is entitled to relief because:   (1) the judgment entered in the Circuit Court of Southampton County on July 19, 2012 is "void and/or void *ab initio*"; (2) the court acted without subject matter jurisdiction when it revoked his probation

---

CL13-332 and CL13-611) that Holden filed in circuit court.

in violation of Virginia Supreme Court Rule 1:1; (3) the circuit court and Supreme Court of Virginia violated his due process rights when they refused to vacate the probation violation for lack of jurisdiction; and (4) the judgment entered July 19, 2012 is void or void *ab initio* based on the arguments and exhibits offered in the current petition.   ECF No. 1 at 6, 8, 12–13.   On October 19, 2018, respondent filed a Rule 5 answer and motion to dismiss.   ECF Nos. 15–17. On November 19, 2018, Holden filed a response in opposition.   ECF No. 20.   Accordingly, this matter is ripe for review.

## II.    ANALYSIS

### A.    Holden's federal habeas petition is barred by the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The judgment revoking a portion of Holden's previously suspended sentences was entered on July 19, 2012.   Holden filed a direct appeal to the Court of Appeals of Virginia, which was denied on March 20, 2013.   The judgment became final thirty days later, on April 19, 2013, when the time for appealing the decision to the Supreme Court of Virginia expired without Holden filing an appeal.   *See* Va. S. Ct. R. 5:14(a) (a notice of appeal from the Court of Appeals of Virginia to

the Supreme Court of Virginia must be filed "within 30 days after entry of final judgment"). Absent tolling, Holden's one-year federal limitations period would have begun to run on April 19, 2013.

**B.     Holden's petition is untimely despite statutory tolling.**

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While filing a petition for a writ of habeas corpus in state court tolls the federal limitations period, it does not restart the one-year period. *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007). In addition, the time period in which a habeas petition is pending in *federal* court does not toll the one-year federal statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172, 181–82 (2001).

Holden filed his first habeas petition in the Circuit Court for Southampton County on April 18, 2013. This filing tolled the start of the federal limitations period that would have begun on April 19, 2013. Holden appealed the circuit court's denial of the petition to the Supreme Court of Virginia, which refused the appeal on July 11, 2014, and denied Holden's petition for rehearing on November 6, 2014. Holden's federal limitations period began to run on November 7, 2014, and Holden had one-year, until November 7, 2015, to file his federal petition.

Holden filed a federal habeas petition pursuant to 28 U.S.C. § 2241 on December 13, 2015. This filing did not toll the federal statute of limitations. *See Duncan*, 533 U.S. at 178–82. In addition, because the federal limitations period expired on November 7, 2015, Holden's state filings in 2016 and thereafter did not toll or restart the one-year period. Accordingly, Holden's current petition is time-barred despite statutory tolling.

**C.    Holden is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling.   With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In response to the motion to dismiss, Holden argues that the challenges to his detention have been ongoing "without a long period of delay." ECF No. 20 at 10.   Holden has not established "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).   Therefore, equitable tolling is not proper in this case.

**D.    Holden has not alleged he is actually innocent of the probation violation.**

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to bring claims raised after the statute of limitations expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).   Holden has not alleged, or offered new evidence to establish, that he is actually innocent of the underlying probation violations. Accordingly, the actual innocence exception does not apply to allow the Court to address his petition that is barred by the federal statute of limitations.

### III.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.   A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.   *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 23, 2019

7

### Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

> Michael K. Holden, #1003383
> Deerfield Correctional Center
> 21360 Deerfield Dr.
> Capron, VA 23829

Fernando Galindo, Clerk

By_____
         Deputy Clerk

_____, 2019

8